## SUPREME COURT.

SANDS, Receiver, &c., respondent, agt. BIRCH, appellant.

The statute of 1862 (*Laws of* 1862, *ch.* 412, *p.* 743), authorizing a *reference,* has no application to actions by the receiver of a mutual insurance company *commenced after the passage of that law.* It applies only to the *settlement of controversies* without action, and to *pending suits*.

That statute, did not take away the right to proceed by action, and the receiver is left to his *option* to take a reference under the provisions of the act, or bring his action in court and conduct it under the general rules and practice of the court, without any assistance from or reference to the act of 1862.

*Fourth District General Term, July,* 1865.
*Before* BOCKES, JAMES *and* ROSEKRANS, *Justices.*

THIS action was commenced by the receiver on a premium note, after the passage of the act of 1862 (*Session Laws* 1862, *chap.* 412). Issue was joined in June, 1864.

A motion was made at special term, by the plaintiff, to refer the action to a referee, pursuant to said act of 1862, which motion was granted. The defendant appealed to the general term, insisting that the fifth section of the act under which the order to refer was granted, did not apply to suits commenced after the passage of that act..

MR. VANDENBURGH *and* MR. HEATH, *for appellant.*
MR. MYGATT, *for respondent.*

By the COURT. This is an appeal from an order appointing a referee to hear and determine the action. The order of reference was made by authority of the act of 1862 (*Session Laws* 1862, *chap.* 412, *p.* 743), and it is conceded that the action was not referable except under the provisions of that act. This action was commenced subsequent to the passage of the law of 1862, and it is insisted that no provision is there made for refering such actions. At the October general term of this court in 1864, we held that the statute under which the reference was ordered had no application to actions commenced by the receiver after the passage of the law; that the act of 1862 applied only to the *settlement of controversies* without action, and to *pending suits.* On the argument of this appeal at the last May term, it was stated that our decision at the October term had been overruled by the court of appeals in *Sands, Receiver, &c.* agt. *Harvey,* decided in the latter court in April last, and the remittitur was handed us in proof of the statement. So it was insisted that the ruling of the supreme court in the sixth district, counter to the decision in this district (4th) in October, had been affirmed on appeal by the court of appeals. On inquiry, it is found, however, that the court of appeals did not pass on the question then and now under consideration. The order in *Sands, Receiver* agt. *Harvey,* was not affirmed by the court of appeals *on the merits,* as would seem to be the case from

an inspection of the remittitur, but the appeal was dismissed. The opinion on file in the court of appeals was written by Mr. Justice CAMPBELL, who after considering the case on the merits, and arriving at the conclusion that the order was right and should be affirmed, adds: "*But the court are of the opinion that the order was not appealable, and the appeal is dismissed with costs.*" Whether any member of the court concurred with Mr. Justice CAMPBELL, in his construction of the act of 1862, does not appear. All that was decided in the case was that the order was not appealable to the court of appeals. Thus it seems our decision made at the October term, 1864, has not been reversed or overruled by the appellate court. True, our ruling upon the construction of the act of 1862, is adverse to that of the court in the sixth district, but while we entertain the highest respect for the opinions of the learned justices who compose the bench in that district, we must, after careful consideration of the question before us, still adhere to our former ruling.

The object of the act of 1862, as its title declares, was to facilitate the closing up of insolvent and dissolved mutual insurance companies. It was evidently supposed that this end could be attained without the usual formula and delays attendant upon a course of litigation, conducted in accordance with the general practice of the courts. A system or theory of proceeding was therefore devised, by pursuing which, and avoiding the necessity of instituting further suits in the usual form, all matters in controversy relating to the receiver's business could be speedily and cheaply adjusted. This system being adopted, further suits were unnecessary, therefore, inasmuch as it was supposed that no new actions would be instituted, no new provision was made for their conduct or determination, but the parties were left to the general practice of the courts in those suits which the receiver should elect thereafter to bring, instead of adopting the system which had for its purpose

a more speedy adjustment of controversies. A law was consequently devised and adopted, providing for the determination and settlement, without suit, of demands and claims which had not been sued, and for the speedy determination of pending suits. Its provisions in this view covered every possible case existing at the time of the passage of the law, without extending its application to actions thereafter to be brought, for the bringing of which no necessity would thereafter exist. So the first four sections of the act under consideration contemplate compulsory references of controversies without action: controversies as to which no suit had been instituted. These sections should be read and construed together, and present the scheme for speedy disposition of controversies relating to the receiver's business. They provide for an immediate reference of the subject matter in dispute, and direct the mode of proceeding to judgment without action. Then follows the fifth section, which authorizes and empowers the court to refer all actions pending therein. If the four preceding sections were intended to embrace even controversies between the receiver and others relating to his business as receiver, whatever might be its condition, then the fifth section was quite superfluous, for without this section, according to the construction claimed for this act in regard to suits thereafter to be commenced, there would be ample authority in the court to direct a reference. The preceding four sections apply as aptly to claims and demands *then in suit*, as to those on which suits should be *thereafter brought*. I think it plain that the first four sections were intended to embrace every case of controversy except those in suit, and the fifth section was intended to cover and make provision for the latter class. No allusion is anywhere made in direct terms to actions thereafter to be commenced, and for the reason probably that no proceeding by action would be necessary after the passage of the act. This law, however, did not take away the right to proceed by action,

and the receiver was left to his option to take a reference under the provisions of the act, or bring his suit in court. In case he should adopt the latter course, he could claim nothing by the law under examination, but must look to the general rules of practice for guidance in pursuing the remedy of his own selection.

We are of the opinion that the order of reference is without the sanction of law, and should be reversed.